FILED

2017 Aug-31  AM 09:38
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **PATRICK DUNN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:17-CV-00738-AKK** |
| | ) | |
| **TACALA, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT TACALA, LLC'S
## ANSWER TO FIRST AMENDED COMPLAINT

COMES NOW Defendant Tacala, LLC ("Tacala" or "Defendant"), and, by and through the undersigned counsel, answers the First Amended Complaint ("Complaint") of Plaintiff Patrick Dunn as follows:

Answering the unnumbered paragraph immediately following "INTRODUCTION," Defendant admits Plaintiff's Complaint purports to bring ADA Title III claims, denies it has violated ADA Title III or has otherwise acted unlawfully, denies Plaintiff is entitled to any relief, and denies the paragraph's remaining allegations.

1.     Answering Complaint paragraph 1, Defendant admits this Court has subject matter jurisdiction over actions properly brought under 42 U.S.C. §§ 12181 *et seq.* ("Title III"), and denies the paragraph's remaining allegations.

2.      Answering Complaint paragraph 2, Defendant admits that an appropriately brought Title III action concerning a location within the geographic jurisdiction of the United States District Court for the Northern District of Alabama has proper venue, and denies paragraph's remaining allegations.

3.      Answering Complaint paragraph 3, Defendant is without information sufficient to form a belief concerning the truth or falsity of the paragraph's allegations, and therefore denies the paragraph's allegations.

4.      Answering Complaint paragraph 4, Defendant admits it is a limited liability company that "operates" (as it understands that term) Taco Bell restaurants located at 450 Colonial Promenade Pkwy., Alabaster, Alabama 35007; 101 Cahaba Valley Pkwy., Pelham, Alabama 35124; 1821 Montgomery Hwy., Hoover, Alabama 35224; 213 Lakeshore Pkwy., Homewood, Alabama, 35209; and 2124 7th Avenue S., Birmingham, Alabama 35233, admits such locations are places of public accommodation (as Defendant understands that term), and denies the paragraph's remaining allegations.

5.      Answering Complaint paragraph 5, Defendant is without information sufficient to form a belief of any events that should rise to a lawsuit or whether they would occur in the Northern District of Alabama because Defendant is unaware of such events, and denies the paragraph's remaining allegations.

6.     Answering Complaint paragraph 6, Defendant is without information sufficient to form a belief concerning the truth or falsity of the paragraph's allegations, and therefore denies the paragraph's allegations.

7.     Answering Complaint paragraph 7, Defendant denies the paragraph's allegations.

8.     Answering Complaint paragraph 8, Defendant admits it operates Taco Bell restaurants that are considered places of public accommodation, and denies the paragraph's remaining allegations.

9.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

10.    Answering Complaint paragraph 10, Defendant admits it operates Taco Bell restaurants that are considered public accommodations under Title III, and denies the paragraph's remaining allegations.

11.    Answering Complaint paragraph 11, Defendant is without information sufficient to form a belief concerning the truth or falsity of the paragraph's allegations, and therefore denies the paragraph's allegations.

12.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant

affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

13.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

14.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

15.     Answering Complaint paragraph 15, Defendant denies the paragraph's allegations.

16.     Answering Complaint paragraph 16, Defendant denies the paragraph's allegations.

17.     Answering Complaint paragraph 17, Defendant is without information sufficient to form a belief concerning the truth or falsity of the paragraph's allegations, and therefore denies the paragraph's allegations.

18.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant

affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

19.     Answering Complaint paragraph 19 and all subparts, Defendant is without information sufficient to form a belief concerning whether Plaintiff ever visited the subject location, denies Plaintiff was deprived of any benefits afforded by law, and denies the paragraph's and subparts' remaining allegations.

20.     Answering Complaint paragraph 20 and all subparts, Defendant is without information sufficient to form a belief concerning whether Plaintiff ever visited the subject location, denies Plaintiff was deprived of any benefits afforded by law, and denies the paragraph's and subparts' remaining allegations.

21.     Answering Complaint paragraph 21 and all subparts, Defendant is without information sufficient to form a belief concerning whether Plaintiff ever visited the subject location, denies Plaintiff was deprived of any benefits afforded by law, and denies the paragraph's and subparts' remaining allegations.

22.     Answering Complaint paragraph 22 and all subparts, Defendant is without information sufficient to form a belief concerning whether Plaintiff ever visited the subject location, denies Plaintiff was deprived of any benefits afforded by law, and denies the paragraph's and subparts' remaining allegations.

23.     Answering Complaint paragraph 23 and all subparts, Defendant is without information sufficient to form a belief concerning whether Plaintiff ever

visited the subject location, denies Plaintiff was deprived of any benefits afforded by law, and denies the paragraph's and subparts' remaining allegations.

24.     Answering Complaint paragraph 24, Defendant denies that any "barriers to access and other violations" have ever existed, and denies the paragraph's remaining allegations.

25.     Answering Complaint paragraph 25, Defendant denies the paragraph's allegations.

26.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, denies that Plaintiff is entitled to the relief requested or any relief whatsoever, and denies the paragraph's remaining allegations.

27.     Answering Complaint paragraph 27, Defendant realleges and incorporates its response to paragraphs 1-26 as though fully set forth herein.

28.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

29.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant

affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

30.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

31.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

32.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

33.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

34.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant

affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

35.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

36.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

37.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

38.    Answering Complaint paragraph 38, Defendant denies the paragraph's allegations.

39.    This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

40.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

41.     Answering Complaint paragraph 41, Defendant denies the paragraph's allegations.

42.     Answering Complaint paragraph 42, Defendant denies the paragraph's allegations.

43.     Answering Complaint paragraph 43, Defendant denies the paragraph's allegations.

44.     Answering Complaint paragraph 44, Defendant denies the paragraph's allegations.

45.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, denies that Plaintiff is entitled to any injunctive relief or any relief otherwise, and denies the paragraph's remaining allegations.

46.     Answering Complaint paragraph 46, Defendant realleges and incorporates its response to paragraphs 1-45 as though fully set forth herein.

47.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

48.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

49.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

50.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

51.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

52.     Answering Complaint paragraph 52, Defendant admits it operates Taco Bell restaurants located at 450 Colonial Promenade Pkwy., Alabaster, Alabama 35007; 101 Cahaba Valley Pkwy., Pelham, Alabama 35124; 1821 Montgomery Hwy., Hoover, Alabama 35224; 213 Lakeshore Pkwy., Homewood, Alabama, 35209; and 2124 7th Avenue S., Birmingham, Alabama 35233, and denies the paragraph's remaining allegations.

53.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and otherwise, and denies the paragraph's allegations.

54.     Answering Complaint paragraph 54, Defendant denies the paragraph's allegations.

55.     Answering Complaint paragraph 55, Defendant denies the paragraph's allegations.

56.     Answering Complaint paragraph 56, Defendant denies the paragraph's allegations.

57.     This paragraph states legal conclusions that require no answer. To the extent the paragraph states factual allegations requiring an answer, Defendant affirmatively avers that it has met all legal obligations under Title III and

otherwise, denies that Plaintiff is entitled to any injunctive relief or any relief otherwise, and denies the paragraph's remaining allegations.

In response to Plaintiff's unnumbered WHEREFORE paragraph and all subparagraphs thereunder, Defendant denies Plaintiff is entitled to the relief requested or any other relief whatsoever.

## FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted insofar as:

(1)    Plaintiff has failed to allege specific facts establishing standing to bring all allegations;

(2)    Plaintiff fails to allege sufficient specific facts to establish legal protection under ADA Title III or otherwise, and

(3)    Plaintiff otherwise fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

The relief Plaintiff seeks is barred because of Plaintiff's unclean hands and/or failure to do equity inasmuch as Defendant had available a means for resolving concerns such as Plaintiff alleges but Plaintiff unreasonably failed to take advantage of that means or otherwise identify precisely what limitations he has and what barriers presented themselves at the time they encountered them.

## THIRD DEFENSE

Defendant submits that the relief sought by Plaintiff's First Amended Complaint may constitute an undue burden on Defendant pursuant to 42 U.S.C. §12182(b)(2)(A)(iii).

## FOURTH DEFENSE

Defendant submits that the relief sought by Plaintiff's First Amended Complaint is not readily achievable by Defendant, pursuant to 42 U.S.C. §12182(b)(2)(A)(iv).

## FIFTH DEFENSE

Defendant submits that the relief sought by Plaintiff may fundamentally alter the nature of the goods, services, facilities, privileges, advantages and accommodations being offered by Defendant.

## SIXTH DEFENSE

Defendant submits that the goods, services, facilities, privileges, advantages and accommodations may be available through alternative methods.

## SEVENTH DEFENSE

Defendant has made all reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals such as Plaintiff.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of Defendant's alleged conduct and/or any alleged omission by Defendant.

## NINTH DEFENSE

Plaintiff's claim for equitable relief is barred by the doctrines of unclean hands and/or he who seeks equity must do equity.

## TENTH DEFENSE

Some or all of the allegations of the First Amended Complaint could be barred by the applicable statute of limitations and/or laches.

## ELEVENTH DEFENSE

Plaintiff lacks standing necessary to pursue some or all of their claims and/or allegations in this action.

## TWELFTH DEFENSE

Defendant denies each and every allegation not specifically and fully admitted in its entirety above.

## THIRTEENTH DEFENSE

Defendant reserves all other defenses relating to Plaintiff's claims in the First Amended Complaint and reserves the right to assert additional defenses as they become known or available.

*s/ K. Bryance Metheny*
K. Bryance Metheny
Amy J. Wilkes
H. Carlton Hilson

Attorneys for Defendant Tacala, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 31st day of August, 2017:

L. Landis Sexton
Tracy G. Birdsong
Alan H. Polson
The ADA Group LLC
4001 Carmichael Road, Suite 570
Montgomery, AL 36116

*s/ K. Bryance Metheny*
OF COUNSEL